IN THE UNITED STATE    OU  T O    EDER  L CLAIM

| | |
|---|---|
| PHILADELPHIA ENERGY SOLUTIONS<br>REFINING AND MARKETING, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No.  19-510 T

## COMPLAINT

  Plaintiff, Philadelphia Energy Solutions Refining and Marketing, LLC ("PESRM" or "Plaintiff"), hereby brings this suit for a refund of Federal excise taxes that were erroneously collected and illegally retained by Defendant, the United States of America ("Defendant"), acting through the Commissioner of Internal Revenue (the "Commissioner"), and as the basis for this Complaint alleges as follows:

## NATURE OF THIS DISPUTE

  1. This action arises under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code (the "Code"), for the recovery of  Federal excise taxes erroneously collected and illegally retained by Defendant for Plaintiff's taxable quarters ending March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, and December 31, 2016 (the "Taxable Quarters at Issue"), plus statutory interest as allowed by law.

  2. Plaintiff seeks recovery of $416,352,026.05 in Federal excise taxes, plus interest as allowed by law, for the production and subsequent use as a fuel or sale to third parties for use

as a fuel of an alternative fuel mixture consisting of butane and gasoline (the "Butane/Gasoline Mixture").

3.      In the alternative, Plaintiff seeks recovery of $145,285,707 in Federal excise taxes, plus interest as allowed by law, for the production and subsequent use as a fuel or sale to third parties for use as a fuel of an alternative fuel mixture consisting of propane and butane (the "Propane/Butane Mixture").

## THE PARTIES

4.      PESRM is a limited liability company organized and existing under the laws of the State of Delaware.  The location of Plaintiff's principal office and mailing address for correspondence with the Internal Revenue Service ("IRS") is 1735 Market Street, Philadelphia, Pennsylvania 19103.  PESRM owns and operates the largest oil refining complex on the east coast of the United States, with two domestic refineries in Philadelphia, Pennsylvania.  As part of its business,  PESRM produces alternative fuel mixtures that it either uses as a fuel or sells to third parties for use as a fuel.  PESRM's Federal Employer Identification Number is ████9574.

5.      The Defendant is the United States of America, acting through the Commissioner.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(a), 1491, 2401, and 2501, and 26 U.S.C. §§ 6532(a), 6611 and 7422.

7.      Plaintiff timely filed IRS Forms 720, Quarterly Federal Excise Tax Return, on which it reported its quarterly Federal excise tax liability for each of the Taxable Quarters at Issue.  Each of the Forms 720 was filed with the IRS Service Center in Cincinnati, Ohio.

8.      Plaintiff timely and fully paid its quarterly Federal excise tax liability for each of the Taxable Quarters at Issue.  28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145

2

(1960).  Each payment was made electronically in accordance with the instructions for the Form 720.

      9.     Plaintiff timely filed and supplemented Forms 720X, Amended Quarterly Federal Excise Tax Return, for each of the Taxable Quarters at Issue.  Each of the Forms 720X was filed with the IRS Service Center in Cincinnati, Ohio.  On each such Form 720X, as supplemented, Plaintiff claimed entitlement to certain tax credits available to it and requested refunds of corresponding amounts of previously paid Federal excise taxes.

      (a)    On or about April 28, 2017, Plaintiff filed Form 720X for the taxable quarter ending March 31, 2014, a true copy of which is attached as Exhibit A.

      (b)    On or about July 12, 2017, Plaintiff filed Form 720X for the taxable quarter ending June 30, 2014, a true copy of which is attached as Exhibit B.

      (c)    On or about July 28, 2017, Plaintiff filed Form 720X for the taxable quarters ending September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, and December 31, 2016, true copies of which are attached as Exhibits C through L, respectively.

      (d)    On or about January 30, 2018, Plaintiff submitted to the IRS a letter further describing the grounds for refund, which included as Attachment A an Explanation Regarding Amended Quarterly Federal Excise Tax Returns on Form 720X, a true copy of which is attached as Exhibit M.

      10.    More than six months have expired since Plaintiff filed the above-described claims for refund.  26 U.S.C. § 6532(a)(1).

11.     By letter dated March 15, 2019, the Commissioner proposed to disallow Plaintiff's claims for refund with respect to the Propane/Butane Mixture.  However, that letter did not address Plaintiff's claims for refund with respect to the Butane/Gasoline Mixture.

12.     Plaintiff has made full payment of the Federal excise taxes, timely filed its claims for refund on Forms 720X, as supplemented, and filed this Complaint within the proper period. Therefore, jurisdiction is proper.

13.     Venue for this action properly lies in this Court pursuant to 28 U.S.C. §§ 1346(a) and 1491, because the United States Court of Federal Claims has original jurisdiction over cases for the recovery of any internal revenue tax erroneously or illegally collected.  In this Complaint, Plaintiff alleges that the Defendant erroneously collected and illegally retained Federal excise taxes paid by Plaintiff.

**<u>FACTUAL ALLEGATIONS</u>**

14.     Plaintiff owns and operates the largest oil refining complex on the east coast of the United States, with two domestic refineries in Philadelphia, Pennsylvania, that process approximately 335,000 barrels of crude oil per day.  In operation for almost 150 years, Plaintiff's refineries are the oldest continuously operating facilities of their kind in the eastern United States.

15.     Through its refineries, Plaintiff mixes a variety of components to produce numerous grades of finished gasoline and other fuel products derived from oil that it sells to third parties.  At the refineries, the fuel production activities begin at the crude unit.  After the crude is processed, a number of different resulting liquid fuels, including butane and propane, are mixed with taxable fuel, and the resulting mixture is sold for use as a fuel.  Plaintiff uses butane and

propane that it produces, as well as butane and propane that it purchases from other suppliers, in the fuel mixtures that it uses or sells to third parties for use as a fuel.

16.     One of the fuel mixtures that Plaintiff produced and either used as a fuel or sold to third parties for use as a fuel during the Taxable Quarters at Issue was a mixture of butane and gasoline, the Butane/Gasoline Mixture.

17.     Another fuel mixture that Plaintiff produced and either used as a fuel or sold to third parties for use as a fuel during the Taxable Quarters at Issue was a mixture of propane and butane, the Propane/Butane Mixture.

18.     As in effect for the Taxable Quarters at Issue, Code section 6426(a)(1) allows as a credit against the Federal excise tax imposed by Code section 4081 an amount equal to the sum of the credits described in Code section 6426(b), (c), and (e).  Such credits may be claimed to the extent of the Federal excise tax imposed by Code section 4081.  26 U.S.C. § 6426(a)(1).

19.     Code section 6426(e) provides for an "alternative fuel mixture credit" based on the number of gallons of "alternative fuel" used by the taxpayer to prepare an "alternative fuel mixture."  Specifically, Code section 6426(e)(1) allows a $0.50 per gallon alternative fuel mixture credit with respect to the number of gallons of "alternative fuel" used by the taxpayer in producing any "alternative fuel mixture" for sale or use in a trade or business of the taxpayer.

20.     Code section 6426(e)(2) defines the term "alternative fuel mixture" to mean a mixture of "alternative fuel" and "taxable fuel" (as defined in subparagraph (A), (B) or (C) of Code section 4083(a)(1)) that the mixture producer uses or sells for use as a fuel.

21.     Both the alternative fuel mixture credit and Federal excise taxes imposed by Code section 4081 are reported on Form 720 and/or Form 720X.

22.     The Code defines "alternative fuel" as including "liquefied petroleum gas."  26 U.S.C. § 6426(d)(2)(A).

23.     Butane is a form of liquefied petroleum gas.  *See, e.g.*, 26 C.F.R. §§ 1.927(a)-1T(g)(2)(ii)(C), 1.993-3(g)(3)(ii)(c), 48.4041-8(f)(1)(i).  Therefore, butane is an alternative fuel within the meaning of Code section 6426.

24.     The Code defines "taxable fuel" as including, *inter alia*, gasoline.  26 U.S.C. § 4083(a)(1)(A).

25.     Therefore, a mixture of butane (an alternative fuel) and gasoline (a taxable fuel), is an alternative fuel mixture eligible for alternative fuel mixture credits under Code section 6426(e).

26.     Propane is a form of liquefied petroleum gas.  *See, e.g.*, 26 C.F.R. §§ 1.927(a)-1T(g)(2)(ii)(C), 1.993-3(g)(3)(ii)(c), 48.4041-8(f)(1)(i).  Therefore, propane is an alternative fuel within the meaning of Code section 6426.

27.     The Commissioner argued in Revenue Ruling 2018-2, 2018-2 I.R.B. 277, that, although butane is a form of liquefied petroleum gas, butane is also considered a gasoline blendstock pursuant to Treasury Regulation section 48.4081-1(c)(3)(i).  If butane is indeed a gasoline blendstock, then it is a taxable fuel, because "taxable fuel" includes gasoline blendstocks.  26 U.S.C. § 4083(a)(1)(A), (a)(2)(B)(i).

28.     Therefore, if Revenue Ruling 2018-2 is correct, a mixture of propane (an alternative fuel) and butane (which Revenue Ruling 2018-2 describes as a taxable fuel) is an alternative fuel mixture eligible for alternative fuel mixture credits under Code section 6426(e).

29.     During each of the Taxable Quarters at Issue, Plaintiff produced the Butane/Gasoline Mixture and the Propane/Butane Mixture.

30.     During each of the Taxable Quarters at Issue, Plaintiff either used or sold the Butane/Gasoline Mixture and the Propane/Butane mixture to third parties for use as a fuel.

31.     For each of the Taxable Quarters at Issue, Plaintiff timely filed with the IRS Forms 720 on which it reported and paid its Federal excise tax liability, unreduced by any alternative fuel mixture credits.

32.     Plaintiff subsequently filed with the IRS Forms 720X for each of the Taxable Quarters at Issue, on which it reported alternative fuel mixture credits, and requested refunds of previously paid Federal excise taxes in the amount of the claimed alternative fuel mixture credits.

33.     The Commissioner has improperly and unlawfully failed to refund to Plaintiff the Federal excise taxes paid with respect to the Taxable Quarters at Issue in amounts equivalent to the alternative fuel mixture credits claimed by Plaintiff on its Forms 720X, as supplemented.

34.     Plaintiff therefore brings this action for recovery of $416,352,026.05 in Federal excise taxes, plus interest as allowed by law, with regard to alternative fuel mixture credits for the Butane/Gasoline Mixture that were erroneously collected from Plaintiff and illegally retained by Defendant for the Taxable Quarters at Issue.

35.     In the alternative, Plaintiff brings this action for recovery of $145,285,707 in Federal excise taxes, plus interest as allowed by law, with regard to alternative fuel mixture credits for the Propane/Butane Mixture that were erroneously collected from Plaintiff and illegally retained by Defendant for the Taxable Quarters at Issue.

## CLAIMS FOR REFUND

36.     With respect to each of the Taxable Quarters at Issue, Plaintiff reported on a Form 720 filed with the IRS and paid to the United States Treasury Federal excise taxes under Code section 4081 in the following amounts:

(a)  Taxable quarter ending March 31, 2014:  $36,161,396.53.

(b)  Taxable quarter ending June 30, 2014:  $41,977,494.48.

(c)  Taxable quarter ending September 30, 2014:  $46,295,058.60.

(d)  Taxable quarter ending December 31, 2014:  $50,592,082.29.

(e)  Taxable quarter ending March 31, 2015:  $49,533,291.23.

(f)  Taxable quarter ending June 30, 2015:  $57,380,561.19.

(g)  Taxable quarter ending September 30, 2015:  $62,377,341.05.

(h)  Taxable quarter ending December 31, 2015:  $63,027,238.64.

(i)  Taxable quarter ending March 31, 2016:  $51,253,005.49.

(j)  Taxable quarter ending June 30, 2016:  $47,946,924.14.

(k)  Taxable quarter ending September 30, 2016:  $48,701,834.50.

(l)  Taxable quarter ending December 31, 2016:  $40,681,590.74.

*Butane/Gasoline Mixture Claims*

37.     During each of the Taxable Quarters at Issue, Plaintiff produced the Butane/Gasoline Mixture, an alternative fuel mixture, comprised of at least 0.1% gasoline by volume, and used or sold such fuel mixture to third parties for use as a fuel.  Plaintiff used the following amounts of butane (the alternative fuel) in producing these mixtures:

(a)  Taxable quarter ending March 31, 2014:  77,916,174 gallons of butane.

(b)  Taxable quarter ending June 30, 2014:  32,294,472 gallons of butane.

(c)  Taxable quarter ending September 30, 2014:  51,685,410 gallons of butane.

(d)  Taxable quarter ending December 31, 2014:  122,584,896 gallons of butane.

(e)  Taxable quarter ending March 31, 2015:  84,496,062 gallons of butane.

(f)  Taxable quarter ending June 30, 2015:  42,830,424 gallons of butane.

(g)  Taxable quarter ending September 30, 2015:  62,825,364 gallons of butane.

(h)  Taxable quarter ending December 31, 2015:  109,358,214 gallons of butane.

(i)  Taxable quarter ending March 31, 2016:  105,349,818 gallons of butane.

(j)  Taxable quarter ending June 30, 2016:  41,985,174 gallons of butane.

(k)  Taxable quarter ending September 30, 2016:  49,852,782 gallons of butane.

(l)  Taxable quarter ending December 31, 2016:  118,552,014 gallons of butane.

38.    Plaintiff timely filed with the IRS Forms 720X, as supplemented on or about January 30, 2018, requesting refunds of Federal excise tax in the amounts of the alternative fuel mixture credits for the Butane/Gasoline Mixture to which it was entitled for the Taxable Quarters at Issue:

(a)  For the quarter ending March 31, 2014, Plaintiff claimed a refund of $38,958,087 with respect to 77,916,174 gallons of butane used in the alternative fuel mixture. Plaintiff 's total liability under Code section 4081 for this quarter amounted to $36,161,396.53, which is the maximum alternative fuel mixture credit that could have been claimed.  Plaintiff's claim for refund is therefore limited in this Complaint to $36,161,396.53 with respect to 72,322,793.06 gallons of butane.

(b)  For the quarter ending June 30, 2014, Plaintiff claimed a refund of $16,147,236 with respect to 32,294,472 gallons of butane used in the alternative fuel mixture.

(c)  For the quarter ending September 30, 2014, Plaintiff claimed a refund of
$25,842,705 with respect to 51,685,410 gallons of butane used in the alternative
fuel mixture.

(d)  For the quarter ending December 31, 2014, Plaintiff claimed a refund of
$61,292,448 with respect to 122,584,896 gallons of butane used in the alternative
fuel mixture.  Plaintiff's total liability under Code section 4081 for this quarter
amounted to $50,592,082.29, which is the maximum alternative fuel mixture
credit that could have been claimed.  Plaintiff's claim for refund is therefore
limited in this Complaint to $50,592,082.29 with respect to 101,184,164.58
gallons of butane.

(e)  For the quarter ending March 31, 2015, Plaintiff claimed a refund of $42,248,031
with respect to 84,496,062 gallons of butane used in the alternative fuel mixture.

(f)  For the quarter ending June 30, 2015, Plaintiff claimed a refund of $21,415,212
with respect to 42,830,424 gallons of butane used in the alternative fuel mixture.

(g)  For the quarter ending September 30, 2015, Plaintiff claimed a refund of
$31,412,682 with respect to 62,825,364 gallons of butane used in the alternative
fuel mixture.

(h)  For the quarter ending December 31, 2015, Plaintiff claimed a refund of
$109,358,214 with respect to 54,679,107 gallons of butane used in the alternative
fuel mixture.

(i)  For the quarter ending March 31, 2016, Plaintiff claimed a refund of $52,674,909
with respect to 105,349,818 gallons of butane used in the alternative fuel mixture.
Plaintiff's total liability under Code section 4081 for this quarter amounted to

$51,253,005.49, which is the maximum alternative fuel mixture credit that could have been claimed.  Plaintiff's claim for refund is therefore limited in this Complaint to $51,253,005.49 with respect to 102,506,010.98 gallons of butane.

(j)    For the quarter ending June 30, 2016, Plaintiff claimed a refund of $20,992,587 with respect to 41,985,174 gallons of butane used in the alternative fuel mixture.

(k)    For the quarter ending September 30, 2016, Plaintiff claimed a refund of $24,926,391 with respect to 49,852,782 gallons of butane used in the alternative fuel mixture.

(l)    For the quarter ending December 31, 2016, Plaintiff claimed a refund of $59,276,007 with respect to 118,552,014 gallons of butane used in the alternative fuel mixtures.  Plaintiff's total liability under Code section 4081 for this quarter amounted to $40,681,590.74, which is the maximum alternative fuel mixture credit that could have been claimed.  Plaintiff's claim for refund is therefore limited in this Complaint to $40,681,590.74 with respect to 81,363,181.48 gallons of butane.

39.    For each of taxable quarters ending March 31, 2014, December 31, 2014, March 31, 2016, and December 31, 2016, because Plaintiff's Federal excise tax liability under Code section 4081 was less than the amount of its alternative fuel mixture credits for such quarter, Plaintiff is entitled to a refund for alternative fuel mixture credits up to the amount of its excise tax liability under Code section 4081.  For each other taxable quarter, Plaintiff is entitled to a refund of the amount of its stated alternative fuel mixture credits.

40.    The following table summarizes for each of the Taxable Quarters at Issue, the amount of Code section 4081 liability reported on Plaintiff's Forms 720, the quantity of butane

used in the Butane/Gasoline Mixture, the amount of alternative fuel mixture credits claimed by Plaintiff for the Butane/Gasoline Mixture, and the date of Plaintiff's claim for refund:

| Table 1:  Summary of Butane/Gasoline Mixture Claims for Refund | | | | |
|---|---|---|---|---|
| Taxable quarter ending | 26 U.S.C. § 4081 excise tax liability | Butane used in alternative fuel mixture (gallons) | Alternative fuel mixture credits claimed | Date of refund claim |
| 3-31-2014 | $36,161,396.53 | 72,322,793.06 | $36,161,396.53 | 4-28-2017 |
| 6-30-2014 | $41,977,494.48 | 32,294,472 | $16,147,236 | 7-12-2017 |
| 9-30-2014 | $46,295,058.60 | 51,685,410 | $25,842,705 | 7-28-2017 |
| 12-31-2014 | $50,592,082.29 | 101,184,164.58 | $50,592,082.29 | 7-28-2017 |
| 3-31-2015 | $49,533,291.23 | 84,496,062 | $42,248,031 | 7-28-2017 |
| 6-30-2015 | $57,380,561.19 | 42,830,424 | $21,415,212 | 7-28-2017 |
| 9-30-2015 | $62,377,341.05 | 62,825,364 | $31,412,682 | 7-28-2017 |
| 12-31-2015 | $63,027,238.64 | 109,358,214 | $54,679,107 | 7-28-2017 |
| 3-31-2016 | $51,253,005.49 | 102,506,010.98 | $51,253,005.49 | 7-28-2017 |
| 6-30-2016 | $47,946,924.14 | 41,985,174 | $20,992,587 | 7-28-2017 |
| 9-30-2016 | $48,701,834.50 | 49,852,782 | $24,926,391 | 7-28-2017 |
| 12-31-2016 | $40,681,590.74 | 81,363,181.48 | $40,681,590.74 | 7-28-2017 |
| Totals | $595,927,818.35 | 832,704,052.10 | $416,352,026.05 | |

***Propane/Butane Mixture Claims***

41.     During each of the Taxable Quarters at Issue, Plaintiff produced the Propane/Butane Mixture, an alternative fuel mixture, comprised of at least 0.1% butane by volume, and used or sold such fuel mixture to third parties for use as a fuel.  Plaintiff used the following amounts of propane (the alternative fuel) in producing these mixtures:

(a) Taxable quarter ending March 31, 2014:  20,767,908 gallons of propane.

(b) Taxable quarter ending June 30, 2014:  27,391,308 gallons of propane.

(c) Taxable quarter ending September 30, 2014:  25,823,364 gallons of propane.

(d) Taxable quarter ending December 31, 2014:  21,404,166 gallons of propane.

(e) Taxable quarter ending March 31, 2015:  17,511,942 gallons of propane.

(f) Taxable quarter ending June 30, 2015:  26,534,970 gallons of propane.

(g) Taxable quarter ending September 30, 2015:  26,989,116 gallons of propane.

(h) Taxable quarter ending December 31, 2015:  26,403,132 gallons of propane.

(i) Taxable quarter ending March 31, 2016:  25,953,438 gallons of propane.

(j) Taxable quarter ending June 30, 2016:  27,845,916 gallons of propane.

(k) Taxable quarter ending September 30, 2016:  22,712,466 gallons of propane.

(l) Taxable quarter ending December 31, 2016:  21,233,688 gallons of propane.

42.     Plaintiff timely filed with the IRS Forms 720X, as supplemented on or about January 30, 2018, requesting refunds of Federal excise tax in the amounts of the alternative fuel mixture credits for the Propane/Butane Mixture to which it was entitled for the Taxable Quarters at Issue:

(a) For the quarter ending March 31, 2014, Plaintiff claimed a refund of $10,383,954 with respect to 20,767,908 gallons of propane used in the alternative fuel mixture.

(b) For the quarter ending June 30, 2014, Plaintiff claimed a refund of $13,695,654 with respect to 27,391,308 gallons of propane used in the alternative fuel mixture.

(c) For the quarter ending September 30, 2014, Plaintiff claimed a refund of $12,911,682 with respect to 25,823,364 gallons of propane used in the alternative fuel mixture.

(d) For the quarter ending December 31, 2014, Plaintiff claimed a refund of $10,702,083 with respect to 21,404,166 gallons of propane used in the alternative fuel mixture.

(e) For the quarter ending March 31, 2015, Plaintiff claimed a refund of $8,755,971 with respect to 17,511,942 gallons of propane used in the alternative fuel mixture.

(f) For the quarter ending June 30, 2015, Plaintiff claimed a refund of $13,267,485 with respect to 26,534,970 gallons of propane used in the alternative fuel mixture.

(g) For the quarter ending September 30, 2015, Plaintiff claimed a refund of $13,494,558 with respect to 26,989,116 gallons of propane used in the alternative fuel mixture.

(h) For the quarter ending December 31, 2015, Plaintiff claimed a refund of $13,201,566 with respect to 26,403,132 gallons of propane used in the alternative fuel mixture.

(i) For the quarter ending March 31, 2016, Plaintiff claimed a refund of $12,976,719 with respect to 25,953,438 gallons of propane used in the alternative fuel mixture.

(j) For the quarter ending June 30, 2016, Plaintiff claimed a refund of $13,922,958 with respect to 27,845,916 gallons of propane used in the alternative fuel mixture.

(k) For the quarter ending September 30, 2016, Plaintiff claimed a refund of $11,356,233 with respect to 22,712,466 gallons of propane used in the alternative fuel mixture.

(l) For the quarter ending December 31, 2016, Plaintiff claimed a refund of $10,616,844 with respect to 21,233,688 gallons of propane used in the alternative fuel mixtures.

43.     For each of the Taxable Quarters at Issue, because Plaintiff's Federal excise tax liability under Code section 4081 was more than the amount of its alternative fuel mixture credits for such quarter, Plaintiff is entitled to a refund of the amount of its stated alternative fuel mixture credits.

44.     The following table summarizes for each of the Taxable Quarters at Issue, the amount of Code section 4081 liability reported on Plaintiff's Forms 720, the quantity of propane used in the Propane/Butane Mixture, the amount of alternative fuel mixture credits claimed by Plaintiff for the Propane/Butane Mixture, and the date of Plaintiff's claim for refund:

| Table 2:  Summary of Propane/Butane Mixture Claims for Refund | | | | |
|---|---|---|---|---|
| Taxable quarter ending | 26 U.S.C. § 4081 excise tax liability | Propane used in alternative fuel mixture (gallons) | Alternative fuel mixture credits claimed | Date of refund claim |
| 3-31-2014 | $36,161,396.53 | 20,767,908 | $10,383,954 | 4-28-2017 |
| 6-30-2014 | $41,977,494.48 | 27,391,308 | $13,695,654 | 7-12-2017 |
| 9-30-2014 | $46,295,058.60 | 25,823,364 | $12,911,682 | 7-28-2017 |
| 12-31-2014 | $50,592,082.29 | 21,404,166 | $10,702,083 | 7-28-2017 |
| 3-31-2015 | $49,533,291.23 | 17,511,942 | $8,755,971 | 7-28-2017 |
| 6-30-2015 | $57,380,561.19 | 26,534,970 | $13,267,485 | 7-28-2017 |
| 9-30-2015 | $62,377,341.05 | 26,989,116 | $13,494,558 | 7-28-2017 |
| 12-31-2015 | $63,027,238.64 | 26,403,132 | $13,201,566 | 7-28-2017 |
| 3-31-2016 | $51,253,005.49 | 25,953,438 | $12,976,719 | 7-28-2017 |
| 6-30-2016 | $47,946,924.14 | 27,845,916 | $13,922,958 | 7-28-2017 |
| 9-30-2016 | $48,701,834.50 | 22,712,466 | $11,356,233 | 7-28-2017 |
| 12-31-2016 | $40,681,590.74 | 21,233,688 | $10,616,844 | 7-28-2017 |
| Totals | $595,927,818.35 | 290,571,414 | $145,285,707 | |

***Status of Claims***

45.     Although payment of the refunds claimed for each of the Taxable Quarters at Issue has been demanded via each Form 720X, as supplemented, the Commissioner has failed to make payment on any of these claims.

46.     The Commissioner therefore has improperly and unlawfully failed to refund to Plaintiff the Federal excise taxes paid with respect to the Taxable Quarters at Issue in amounts equivalent to the alternative fuel mixture credits claimed on each Form 720X, as supplemented.

47.     More than six months has expired since Plaintiff filed each Form 720X, as supplemented, for each of the Taxable Quarters at Issue.

48.     Accordingly, this action is timely commenced with respect to Code section 6532(a).

49.     Plaintiff therefore brings this action for recovery of $416,352,026.05 in Federal excise taxes, plus interest as allowed by law, with regard to alternative fuel mixture credits for the Butane/Gasoline Mixture that were erroneously collected from Plaintiff and illegally retained by Defendant for the Taxable Quarters at Issue.

50.     In the alternative, Plaintiff brings this action for recovery of $145,285,707 in Federal excise taxes, plus interest as allowed by law, with regard to alternative fuel mixture credits for the Propane/Butane Mixture that were erroneously collected from Plaintiff and illegally retained by Defendant for the Taxable Quarters at Issue.

## ASSIGNMENTS OF ERROR

***Count One (First Quarter 2014 Claim)***

51.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

16

52.     Because Plaintiff used 77,916,174 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2014, of $38,958,087 ($0.50 x 77,916,174 gallons of butane).

53.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2014, was $36,161,396.53, Plaintiff properly claimed a refund of $36,161,396.53 with respect to 72,322,793.06 gallons of butane.

54.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $36,161,396.53, plus interest as allowed by law.

### Count Two (Second Quarter 2014 Claim)

55.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

56.     Because Plaintiff used 32,294,472 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2014, of $16,147,236 ($0.50 x 32,294,472 gallons of butane).

57.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2014, was $41,977,494.48, Plaintiff properly claimed a refund of $16,147,236.

58.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $16,147,236, plus interest as allowed by law.

***Count Three (Third Quarter 2014 Claim)***

59.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

60.     Because Plaintiff used 51,685,410 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2014, of $25,842,705 ($0.50 x 51,685,410 gallons of butane).

61.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2014, was $46,295,058.60, Plaintiff properly claimed a refund of $25,842,705.

62.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $25,842,705, plus interest as allowed by law.

***Count Four (Fourth Quarter 2014 Claim)***

63.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

64.     Because Plaintiff used 122,584,896 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2014, of $61,292,448 ($0.50 x 122,584,896 gallons of butane).

65.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2014, was $50,592,082.29, Plaintiff properly claimed a refund of $50,592,082.29 with respect to 101,184,164.58 gallons of butane.

66.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $50,592,082.29, plus interest as allowed by law.

**Count Five (First Quarter 2015 Claim)**

67.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

68.     Because Plaintiff used 84,496,062 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2015, of $42,248,031 ($0.50 x 84,496,062 gallons of butane).

69.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2015, was $49,533,291.23, Plaintiff properly claimed a refund of $42,248,031.

70.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $42,248,031, plus interest as allowed by law.

**Count Six (Second Quarter 2015 Claim)**

71.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

72.     Because Plaintiff used 42,830,424 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the

mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2015, of $21,415,212 ($0.50 x 42,830,424 gallons of butane).

73.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2015, was $57,380,561.19, Plaintiff properly claimed a refund of $21,415,212.

74.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $21,415,212, plus interest as allowed by law.

***Count Seven (Third Quarter 2015 Claim)***

75.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

76.    Because Plaintiff used 62,825,364 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2015, of $31,412,682 ($0.50 x 62,825,364 gallons of butane).

77.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2015, was $62,377,341.05, Plaintiff properly claimed a refund of $31,412,682.

78.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $31,412,682, plus interest as allowed by law.

*Count Eight (Fourth Quarter 2015 Claim)*

79.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

80.     Because Plaintiff used 109,358,214 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2015, of $54,679,107 ($0.50 x 109,358,214 gallons of butane).

81.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2015, was $63,027,238.64, Plaintiff properly claimed a refund of $54,679,107.

82.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $54,679,107, plus interest as allowed by law.

*Count Nine (First Quarter 2016 Claim)*

83.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

84.     Because Plaintiff used 105,349,818 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2016, of $52,674,909 ($0.50 x 105,349,818 gallons of butane).

85.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2016, was $51,253,005.49, Plaintiff properly claimed a refund of $51,253,005.49 with respect to 102,506,010.98 gallons of butane.

86.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $51,253,005.49, plus interest as allowed by law.

**Count Ten (Second Quarter 2016 Claim)**

87.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

88.     Because Plaintiff used 41,985,174 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2016, of $20,992,587 ($0.50 x 41,985,174 gallons of butane).

89.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2016, was $47,946,924.14, Plaintiff properly claimed a refund of $20,992,587.

90.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $20,992,587, plus interest as allowed by law.

**Count Eleven (Third Quarter 2016 Claim)**

91.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

92.     Because Plaintiff used 49,852,782 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the

mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2016, of $24,926,391 ($0.50 x 49,852,782 gallons of butane).

93.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2016, was $48,701,834.50, Plaintiff properly claimed a refund of $24,926,391.

94.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $24,926,391, plus interest as allowed by law.

*Count Twelve (Fourth Quarter 2016 Claim)*

95.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

96.     Because Plaintiff used 118,552,014 gallons of butane in producing alternative fuel mixtures (namely butane and gasoline at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixtures to one or more persons for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2016, of $59,276,007 ($0.50 x 118,552,014 gallons of butane).

97.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2016, was $40,681,590.74, Plaintiff properly claimed a refund of $40,681,590.74 with respect to 81,363,181.48 gallons of butane.

98.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $40,681,590.74, plus interest as allowed by law.

**Count Thirteen (Alternative First Quarter 2014 Claim)**

99.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

100.     Because Plaintiff used 20,767,908 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2014, of $10,383,954 ($0.50 x 20,767,908 gallons of propane).

101.     Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2014, was $36,161,396.53, Plaintiff properly claimed a refund of $10,383,954 with respect to 20,767,908 gallons of propane.

102.     For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $10,383,954, plus interest as allowed by law.

**Count Fourteen (Alternative Second Quarter 2014 Claim)**

103.     Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

104.     Because Plaintiff used 27,391,308 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2014, of $13,695,654 ($0.50 x 27,391,308 gallons of propane).

105.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2014, was $41,977,494.48, Plaintiff properly claimed a refund of $13,695,654 with respect to 27,391,308 gallons of propane.

106.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $13,695,654, plus interest as allowed by law.

**Count Fifteen (Alternative Third Quarter 2014 Claim)**

107.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

108.    Because Plaintiff used 25,823,364 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2014, of $12,911,682 ($0.50 x 25,823,364 gallons of propane).

109.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2014, was $46,295,058.60, Plaintiff properly claimed a refund of $12,911,682 with respect to 25,823,364 gallons of propane.

110.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $12,911,682, plus interest as allowed by law.

**Count Sixteen (Alternative Fourth Quarter 2014 Claim)**

111.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

112.    Because Plaintiff used 21,404,166 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the

mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2014, of $10,702,083 ($0.50 x 21,404,166 gallons of propane).

113.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2014, was $50,592,082.29, Plaintiff properly claimed a refund of $10,702,083 with respect to 21,404,166 gallons of propane.

114.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $10,702,083, plus interest as allowed by law.

***Count Seventeen (Alternative First Quarter 2015 Claim)***

115.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

116.    Because Plaintiff used 17,511,942 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2015, of $8,755,971 ($0.50 x 17,511,942 gallons of propane).

117.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2015, was $49,533,291.23, Plaintiff's properly claimed a refund of $8,755,971 with respect to 17,511,942 gallons of propane.

118.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $8,755,971, plus interest as allowed by law.

***Count Eighteen (Alternative Second Quarter 2015 Claim)***

119.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

120.    Because Plaintiff used 26,534,970 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2015, of $13,267,485 ($0.50 x 26,534,970 gallons of propane).

121.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2015, was $57,380,561.19, Plaintiff properly claimed a refund of $13,267,485 with respect to 26,534,970 gallons of propane.

122.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $13,267,485, plus interest as allowed by law.

***Count Nineteen (Alternative Third Quarter 2015 Claim)***

123.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

124.    Because Plaintiff used 26,989,116 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2015, of $13,494,558 ($0.50 x 26,989,116 gallons of propane).

125.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2015, was $62,377,341.05, Plaintiff properly claimed a refund of $13,494,558 with respect to 26,989,116 gallons of propane.

126.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $13,494,558, plus interest as allowed by law.

**Count Twenty (Alternative Fourth Quarter 2015 Claim)**

127.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

128.    Because Plaintiff used 26,403,132 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2015, of $13,201,566 ($0.50 x 26,403,132 gallons of propane).

129.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2015, was $63,027,238.64, Plaintiff properly claimed a refund of $13,201,566 with respect to 26,403,132 gallons of propane.

130.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $13,201,566, plus interest as allowed by law.

**Count Twenty-One (Alternative First Quarter 2016 Claim)**

131.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

132.    Because Plaintiff used 25,953,438 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the

mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending March 31, 2016, of $12,976,719 ($0.50 x 25,953,438 gallons of propane).

133.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending March 31, 2016, was $51,253,005.49, Plaintiff properly claimed a refund of $12,976,719 with respect to 25,953,438 gallons of propane.

134.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $12,976,719, plus interest as allowed by law.

***Count Twenty-Two (Alternative Second Quarter 2016 Claim)***

135.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

136.    Because Plaintiff used 27,845,916 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending June 30, 2016, of $13,922,958 ($0.50 x 27,845,916 gallons of propane).

137.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending June 30, 2016, was $47,946,924.14, Plaintiff properly claimed a refund of $13,922,958 with respect to 27,845,916 gallons of propane.

138.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $13,922,958, plus interest as allowed by law.

***Count Twenty-Three (Alternative Third Quarter 2016 Claim)***

139.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

140.    Because Plaintiff used 22,712,466 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending September 30, 2016, of $11,356,233 ($0.50 x 22,712,466 gallons of propane).

141.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending September 30, 2016, was $48,701,834.50, Plaintiff properly claimed a refund of $11,356,233 with respect to 22,712,466 gallons of propane.

142.    For the reasons set forth above, Plaintiff is entitled to recover from Defendant the amount of $11,356,233, plus interest as allowed by law.

***Count Twenty-Four (Alternative Fourth Quarter 2016 Claim)***

143.    Plaintiff incorporates herein by reference and realleges all allegations in paragraphs 1–50.

144.    Because Plaintiff used 21,233,688 gallons of propane in producing alternative fuel mixtures (namely propane and butane at a minimum concentration of 0.1%) and either used the mixtures as a fuel or sold the mixture to third parties for use as a fuel, Plaintiff was entitled to alternative fuel mixture credits during the taxable period ending December 31, 2016, of $10,616,844 ($0.50 x 21,233,688 gallons of propane).

145.    Because Plaintiff's Federal excise tax liability under Code section 4081 for the taxable period ending December 31, 2016, was $40,681,590.74, Plaintiff properly claimed a refund of $10,616,844 with respect to 21,233,688 gallons of propane.

146.    For the reasons set forth above, Plaintiff is entitled to recover from  Defendant the amount of $10,616,844, plus interest as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

(1)    That Plaintiff be refunded the total sum of $416,352,026.05 with regard to alternative fuel mixture credits for the Butane/Gasoline Mixture for the taxable quarters ending March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, and December 31, 2016, or such greater amount as is legally refundable, plus interest as allowed by law; or in the alternative, that Plaintiff be refunded the total sum of $145,285,707 with regard to alternative fuel mixture credits for the Propane/Butane Mixture for the taxable quarters ending March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, and December 31, 2016, or such greater amount as is legally refundable, plus interest as allowed by law; and

(2)    That Plaintiff be awarded its costs of this action, and such other and further relief as this Court deems appropriate.

Dated:  April 8, 2019    Respectfully submitted,


/s/  Armando Gomez
ARMANDO GOMEZ
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 371-7868
Fax: (202) 661-8284
Email: armando.gomez@skadden.com


/s/  David W. Foster
DAVID W. FOSTER
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 371-7626
Fax: (202) 661-0586
Email: david.foster@skadden.com


/s/  Jaclyn Roeing
JACLYN ROEING
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 371-7546
Fax: (202) 661-0546
Email: jaclyn.roeing@skadden.com


*Attorneys for Philadelphia Energy Solutions
Refining and Marketing, LLC*