IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 19-510 T

(Senior Judge Loren A. Smith)

PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant.

_____

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;
MEMORANDUM IN SUPPORT**

_____

RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General

DAVID I. PINCUS
G. ROBSON STEWART
JASON BERGMANN
   Attorneys
   Justice Department (Tax)
   Court of Federal Claims Section
   P.O. Box 26
   Ben Franklin Post Office
   Washington, D.C.  20044
   (202) 616-3425
   (202) 514-9440 (facsimile)
   jason.bergmann@usdoj.gov

# TABLE OF CONTENTS

**Page(s)**

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.......................................1

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS ........................................................................................................3

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ................................................3

II.  STANDARD GOVERNING MOTION FOR JUDGMENT ON THE PLEADINGS........5

III.  THE COUNTS IN THE AMENDED COMPLAINT ......................................................7

IV.  LEGAL BACKGROUND ON THE ALTERNATIVE FUEL MIXTURE CREDIT.......9

V.  ARGUMENT....................................................................................................................10

    A.   Congress recently clarified the rules regarding the alternative fuel mixture credit.
Consequently, counts thirteen through thirty-two of the Amended Complaint do
not state claims on which relief may be granted. ....................................................10

    B.   Congress properly applied the clarification retroactively to fuel sold or used prior to
the enactment of the 2020 Appropriation Act ..........................................................13

VI. CONCLUSION ................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................6

*BP Chemicals Ltd. v. Eastman Kodak Co.*, 22 F.3d. 1103 (Table),
    1994 WL 66093 (Fed. Cir. 1994) ...........................................................6n

*New Zealand Lamb v. United States*, 40 F.3d 377 (Fed. Cir. 1994) ...........................6

*Owen v. United States*,
    851 F.2d 1404 (Fed. Cir. 1988) ..............................................................4

*Ross v. Southwestern/Great American, Inc.*, 172 Fed. Appx. 657,
    2006 WL 473534 (6th Cir. 2006) ..........................................................6n

*RQ Squared, LLC v. United States*,
    119 Fed. Cl. 751 (2015) ..........................................................................6

*Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711 (2015) ...........................5

*Sunoco v. United States*, 129 Fed. Cl. 322 (2016) .....................................................14

*Thales Visionix, Inc. v. United States*, 122 Fed. Cl. 245 (2015) ...............................6n

*United States v. Carlton*, 512 U.S. 26 (1994) .....................................................12, 13

*Wolfen v United States*, 84 Fed. Cl. 662 (2008),
    *aff'd*, 374 Fed. Appx. 12 (Fed. Cir. 2009) ...........................................6n

**Page(s)**

**Statutes:**

Internal Revenue Code (26 U.S.C):

§ 4083 .................................................................................................................9

§ 6426 ..........................................................................................................*passim*

Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for
Users, P.L. No. 109-59, § 11113(b)(2) & (d), 119 Stat. 1144 (2005) ......................9

Emergency Economic Stabilization Act of 2008, P.L. No. 110-343, § 204(a), 122
Stat. 3765 (2008) ...................................................................................................9

Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of
2010, P.L. No. 111-312, § 704, 124 Stat. 32961 .....................................................9

American Taxpayer Relief Act of 2012, P.L. No. 112-240, § 412, 126 Stat. 2313 ......................9

Tax Increase Prevention Act of 2014, P.L. No. 113-295, § 160, 128 Stat. 4010 ...........................9

Consolidated Appropriations Act, 2016, P.L. No. 114-113, § 192(a)(1),
129 Stat. 2242 .......................................................................................................9

Bipartisan Budget Act of 2018, P.L. No. 115-123, § 40415, 132 Stat. 64 ...................................10

Further Consolidated Appropriations Act, 2020, P.L. No. 116-94, § 133(b)(1),
133 Stat. 2534 (2019) ...................................................................................*passim*

**Other Authorities:**

165 Cong. Rec. S7185 (daily ed. Dec. 19, 2019) ....................................................*passim*

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,
§ 1367 (3d ed. 2004)...............................................................................................5

2 Moore's Federal Practice, § 12.38 (Matthew Bender 3d ed. 2015).............................................5

Rev. Rul. 2018-02, 2018-2 I.R.B. 277.........................................................................4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

—————————

No. 19-510 T

(Senior Judge Loren A. Smith)

PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant.

—————————

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

—————————

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to RCFC 12(c) defendant, the United States, moves this Court for judgment on the pleadings on counts thirteen through thirty-two of the Amended Complaint because there are no material facts in dispute and defendant is entitled to judgment as a matter of law.

On December 20, 2019, Congress enacted a "CLARIFICATION OF RULES REGARDING ALTERNATIVE FUEL MIXTURE CREDIT," which removed mixtures of liquefied petroleum gas with taxable fuel from the "alternative fuel mixtures" that qualified for the alternative fuel mixture credit. *See* Further Consolidated Appropriations Act, 2020, P.L. No. 116-94, § 133(b)(1), 133 Stat. 2534, 3233–34 (2019). As relevant here, the clarification applies to "fuel sold or used before [the Act's] date of enactment," if the claims for the credit then had "not been paid or allowed," and if the claims "were made on or after January 8, 2018." *Id.*, § 133(b)(2)(B).

Counts thirteen through thirty-two of the Amended Complaint are based on claims for alternative fuel mixture credits that Philadelphia Energy made after January 8, 2018. Those

twenty counts are premised on alleged mixtures of taxable fuel with substances that purportedly constitute liquefied petroleum gas. Under the recent clarification by Congress of § 6426(e), the Code does not allow tax credits for such mixtures and, as a result, the Court should enter judgment on the pleadings for the United States on those counts.

Respectfully submitted,

February 14, 2020

*s/ Jason Bergmann*
JASON BERGMANN
Attorney of Record for Defendant
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
Tel: (202) 616-3425
Fax: (202) 514-9440
jason.bergmann@usdoj.gov

RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General
DAVID I. PINCUS
    Chief, Court of Federal Claims Section
G. ROBSON STEWART
    Assistant Chief, Court of Federal Claims Section

February 14, 2020

*s/ G. Robson Stewart*
Of Counsel

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

No. 19-510 T

(Senior Judge Loren A. Smith)

PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING, LLC,

Plaintiff,

v.

UNITED STATES,

Defendant.

_____

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

_____

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

In this tax-refund suit, Philadelphia Energy requests over $550 million of excise-tax credits, based on the alleged production of a "fuel mixture consisting of butane and gasoline." (Dkt. No. 12, ¶ 2.) Butane is a standard component of gasoline, and it has been so for decades. "Adding butane during the gasoline refining process is simply how gasoline is produced." 165 Cong. Rec. S7185 (daily ed. Dec. 19, 2019).[1] Essentially, Philadelphia Energy seeks a massive government handout for producing ordinary, traditional gasoline.

The tax credit in question is the "alternative fuel mixture credit." Section 6426(e)[2] allows a tax credit for the production of an "alternative fuel mixture"—a mixture of an "alternative fuel" (*e.g.,* liquefied hydrogen) into a "taxable fuel" (*e.g.,* gasoline or a gasoline blendstock). "This

_____

[1] The relevant page from the Congressional Record is **Exhibit A** to this Memorandum.

[2] Unless otherwise indicated, all citations are to the Internal Revenue Code of 1986, 26 U.S.C., in effect during the excise-tax periods in suit.

credit is intended to promote the use of nontraditional fuels, such as compressed natural gas and biomass-based fuels, for transportation and other purposes." 165 Cong. Rec. S7185. However, like "some in the oil industry," Philadelphia Energy seeks "to turn the credit on its head by claiming the credit for ordinary gasoline based on the amount of butane mixed in." *Id.* As Senator Wyden recently explained, "[t]he idea that Congress intended oil companies to benefit from a credit intended to reduce our dependence on traditional gasoline by rewarding them for making traditional gasoline doesn't pass the commonsense test." *Id.*

On January 8, 2018, the IRS published Revenue Ruling 2018-02, 2018-2 I.R.B. 277, which concluded that "a mixture of butane . . . and gasoline" is "not an alternative fuel mixture and does not qualify for the alternative fuel mixture credit under § 6426(e) of the Code." That ruling is consistent with the substantive arguments that the Government will make in this case. At an appropriate time, after an opportunity for fact discovery, the Government will brief those substantive arguments and will show that Philadelphia Energy is not entitled to the alternative fuel mixture credits that it claims in this case.

This motion for judgment on the pleadings presents a narrow legal issue, affecting twenty of the thirty-two counts in the Amended Complaint (Dkt. No. 12)—namely, that the quarterly alternative fuel mixture claims that Philadelphia Energy made after January 8, 2018, are barred under recently-enacted legislation. On December 20, 2019, Congress enacted a "CLARIFICATION OF RULES REGARDING ALTERNATIVE FUEL MIXTURE CREDIT," which removed mixtures of liquefied petroleum gas with taxable fuel from the "alternative fuel mixtures" that qualified for the credit. *See* Further Consolidated Appropriations Act, 2020, P.L. No. 116-94, § 133(b)(1), 133 Stat. 2534, 3233–34 (2019).[3] As relevant here, the clarification applies to "fuel sold or used

---

[3] Section 133 of the 2020 Appropriations Act is **Exhibit B** to this Memorandum.

before [the Act's] date of enactment," if the claims for the credit then had "not been paid or allowed," and if the claims "were made on or after January 8, 2018" (the date the IRS had published Revenue Ruling 2018-02). *Id.*, § 133(b)(2)(B).

Twenty of the thirty-two counts in the Amended Complaint are based on claims for alternative fuel mixture credits that Philadelphia Energy made ***after*** January 8, 2018. Those twenty counts are premised on alleged mixtures of taxable fuel with substances that purportedly constitute liquefied petroleum gas. Under the recent clarification by Congress of § 6426(e), the Code does not allow tax credits for such mixtures, and the Court should enter judgment on the pleadings for the United States on those counts.

## II.   STANDARD GOVERNING MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Rules of the United States Court of Federal Claims provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." RCFC 12(c) allows for the entry of judgment on "the basis of the underlying substantive merits of the parties' claims and defenses as they are revealed in the formal pleadings." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 206 (3d ed. 2004). "In determining the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 Moore's Federal Practice, § 12.38 at 12-135 – 12-136 (Matthew Bender 3d ed. 2015). "[W]hen considering a motion under RCFC 12(c), the court applies substantially the same test as it does for a motion to dismiss for failure to state a claim under RCFC 12(b)(6)." *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 719 (2015).

Accordingly, when resolving the pending motion, the Court must assume "each well-pled factual allegation to be true and indulge in all reasonable inferences in favor of the nonmovant."

*Owen v. United States*, 851 F.2d 1404, 1407 (Fed. Cir. 1988). However, the Court "must not mistake legal conclusions presented in a complaint for factual allegations which are entitled to favorable inferences." *RQ Squared, LLC v. United States*, 119 Fed. Cl. 751, 757 (2015) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations in the complaint is inapplicable to legal conclusions."). After according all reasonable inferences to Philadelphia Energy's factual allegations, but not to the legal conclusions in the complaint, "judgment on the pleadings is appropriate where there are no material facts in dispute and the [movant] is entitled to judgment as a matter of law." *New Zealand Lamb v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994). Where, as here, a motion for judgment on the pleadings is based on a substantive legal defect in the claims presented in a complaint, the Court may dismiss the claims with prejudice.[4]

As defendant will show in this Memorandum, counts thirteen through thirty-two of the Amended Complaint are legally defective because: (1) they are premised on alleged mixtures of taxable fuel with substances that purportedly constitute liquefied petroleum gas; (2) Congress clarified that the alternative fuel mixture credits are not allowed for such mixtures; (3) the

---

[4] *See, e.g., Ross v. Southwestern/Great American, Inc.*, 172 Fed. Appx. 657, 2006 WL 473534, at *2 (6th Cir. 2006) (affirming order granting Rule 12(c) motion and dismissing complaint with prejudice where plaintiff "cannot state any claim for relief consistent with the facts in his complaint."); *BP Chemicals Ltd. v. Eastman Kodak Co.*, 22 F.3d 1103 (Table), 1994 WL 66093, at *2-*4 (Fed. Cir. 1994) (affirming order granting Rule 12(c) motion and dismissing complaint with prejudice where "threshold issue of contract interpretation could be resolved without discovery" and where the plaintiff's claims were based on legally erroneous interpretation of contract); *Thales Visionix, Inc. v. United States*, 122 Fed. Cl. 245, 256 (2015) (dismissing patent-infringement case with prejudice on Rule 12(c) motion where claims at issue were ineligible for patent protection as a matter of law); *Wolfen v United States*, 84 Fed. Cl. 662, 670 (2008) (granting Rule 12(c) motion and dismissing case with prejudice where facts alleged did not state claim on which relief could be granted under controlling Federal Circuit authority), *aff'd*, 374 Fed. Appx. 12 (Fed. Cir. 2009).

clarification applies to claims for the credit brought on or after January 8, 2018, and,

(4) Philadelphia Energy did not bring those claims for the credit until after January 8, 2018.

## III.    THE COUNTS IN THE AMENDED COMPLAINT

The Amended Complaint includes thirty-two discrete counts, based on two alternative theories of recovery. *First*, Philadelphia Energy alleges that it produced alternative fuel mixtures by mixing butane (an alleged alternative fuel) into gasoline (an alleged taxable fuel). (Dkt. No. 12, ¶¶ 2, 25, 39.) Philadelphia Energy refers to this as its "<u>Butane/Gasoline Mixture</u>" theory. (*Id.*) *Second*, Philadelphia Energy alleges that it produced alternative fuel mixtures by mixing propane (an alleged alternative fuel) into butane (an alleged taxable fuel). (*Id.*, ¶¶ 3, 28, 40.) Philadelphia Energy refers to this as its "<u>Propane/Butane Mixture</u>" theory. (*Id.*)

The two theories are inconsistent. The first is premised on a legal claim that butane is an alternative fuel, while the second is based on a legal claim that butane is a taxable fuel. However, *both* theories aver that the alleged alternative fuel constitutes "liquid petroleum gas" and qualifies as an alternative fuel on that basis. (*Id.*, ¶¶ 23, 26.)

The first sixteen counts of the Amended Complaint are based on the Butane/Gasoline Mixture theory. (*Id.*, ¶¶ 56-119.) Each makes an alternative fuel mixture claim for a different taxable quarter, from the first quarter of 2014 [Count One] through the fourth quarter of 2017 [Count Sixteen]. (*Id.*) Philadelphia Energy made an administrative claim for refund with the IRS for each of those sixteen counts. For twelve counts, Philadelphia Energy made the claim for refund ***prior to*** January 8, 2018. And for four counts, Philadelphia Energy made the claim for refund ***after*** January 8, 2018, as the following table reflects:

| Counts in Amended Complaint | Quarters at issue | Legal theory | Date of administrative claim |
|---|---|---|---|
| 1 | First quarter 2014 | Butane/Gasoline Mixture | 4/28/2017 |
| 2 | Second quarter 2014 | Butane/Gasoline Mixture | 7/12/2017 |
| 3 – 12 | Third quarter 2014 – Fourth quarter 2016 | Butane/Gasoline Mixture | 7/28/2017 |
| 13 – 16 | First quarter 2017 – Fourth quarter 2017 | Butane/Gasoline Mixture | 10/16/2018 |

(*See* Dkt. No. 12, ¶¶ 9(a), 9(b), 9(c), 9(e), 45 & Exs. A-L, N)

The seventeenth through thirty-second counts of the Amended Complaint are based on the Propane/Butane Mixture Theory. (*Id.*, ¶¶ 120-183.) Each of those counts makes an alternative fuel mixture claim for a different taxable quarter, from the first quarter of 2014 [Count Seventeen] through the fourth quarter of 2017 [Count Thirty-Two]. (*Id.*) For each of those sixteen counts, Philadelphia Energy brought an administrative claim for refund with the IRS *after* January 8, 2018, as the following table reflects:

| Counts in Amended Complaint | Quarters at issue | Legal theory | Date of administrative claim |
|---|---|---|---|
| 17 – 28 | First quarter 2014 – Fourth quarter 2016 | Propane/Butane Mixture | 1/30/2018[5] |
| 29 – 32 | First quarter 2017 – Fourth quarter 2017 | Propane/Butane Mixture | 10/16/2018 |

(*See* Dkt. No. 12, ¶¶ 9(d), 9(e), 49 & Exs. M, N.)

---

[5] Although Philadelphia Energy avers that the "Date[s] of refund claim" for its "Propane/Butane Mixture Claims for Refund" were in April and July of 2017, rather than on January 30, 2018 (Dkt. No. 12. ¶ 49), the averment is belied by the actual refund claims attached to the Amended Complaint. In the administrative claims filed in April and July of 2017, Philadelphia Energy advanced only its first theory of recovery, the Butane/Gasoline Mixture theory. (*See id.*, Exs. A-L.) Philadelphia Energy advanced the Propane/Butane Mixture theory for the first time in a letter that it sent to the IRS on January 30, 2018. (*See id.*, Ex. M.) The United States explained this thoroughly in the memorandum in support of its earlier motion to dismiss. (*See* Dkt. No. 18-1 at 2-5.)

## IV.     LEGAL BACKGROUND ON THE ALTERNATIVE FUEL MIXTURE CREDIT

Since October 1, 2006, the Internal Revenue Code has allowed an alternative fuel mixture credit to taxpayers producing an "alternative fuel mixture" for sale or use in a trade or business. § 6426(e). The alternative fuel mixture credit is the product of 50 cents and the number of gallons of "alternative fuel" used by the taxpayer in producing a mixture of alternative fuel and "taxable fuel." *Id.* "Alternative fuel" includes various substances, such as "P Series Fuels" and "liquefied hydrogen," among other things. § 6426(d)(2). "Taxable fuel" includes gasoline (including gasoline blends and blendstocks), diesel fuel, and kerosene. §§ 4083(a), 6426(e)(2).

When Congress originally enacted the alternative fuel mixture credit, the Code allowed the tax credit for fuel produced between October 1, 2006 and September 30, 2009. *See* Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users, P.L. No. 109-59, § 11113(b)(2) & (d), 119 Stat. 1144, 1947-48 (2005). Congress thereafter extended the alternative fuel mixture credit, seven times:

- On October 3, 2008, Congress extended the expiration date of the alternative fuel mixture credit to December 31, 2009. Emergency Economic Stabilization Act of 2008, P.L. No. 110-343, § 204(a), 122 Stat. 3765, 3834.

- On December 17, 2010, Congress revived the alternative fuel mixture credit retroactive to January 1, 2010, and it extended the credit through December 31, 2011. Tax Relief, Unemployment Insurance Reauthorization, and Job Creation Act of 2010, P.L. No. 111-312, § 704, 124 Stat. 3296, 3311.

- On January 2, 2013, Congress revived the alternative fuel mixture credit retroactive to January 1, 2012, and it extended the credit through December 31, 2013. American Taxpayer Relief Act of 2012, P.L. No. 112-240, § 412, 126 Stat. 2313, 2343.

- On December 19, 2014, Congress revived the alternative fuel mixture credit retroactive to January 1, 2014, and it extended the credit through December 31, 2014. Tax Increase Prevention Act of 2014, P.L. No. 113-295, § 160, 128 Stat. 4010, 4022.

- On December 18, 2015, Congress revived the alternative fuel mixture credit retroactive to January 1, 2015, and it extended the credit through December 31, 2016. Consolidated Appropriations Act, 2016, P.L. No. 114-113, § 192(a)(1), 129 Stat. 2242, 3075.

- On February 9, 2018, Congress revived the alternative fuel mixture credit retroactively for the period between January 1, 2017, and December 31, 2017. Bipartisan Budget Act of 2018, P.L. No. 115-123, § 40415, 132 Stat. 64, 152.

- On December 20, 2019, Congress revived the alternative fuel mixture credit retroactive to January 1, 2018, and it extended the credit through December 31, 2020. Further Consolidated Appropriations Act, 2020, P.L. No. 116-94, § 133, 133 Stat. at 3233-34.

In other words, Congress has repeatedly extended the credit, retroactively, and the Code has allowed an alternative fuel mixture credit, in some form, for fuels produced and sold through December 31, 2020.

Historically, as Congress retroactively revived and extended the alternative fuel mixture credit multiple times, it occasionally changed or clarified the credit as well. In 2010, for example, Congress specifically excluded "any fuel . . . derived from the production of paper or pulp" from the definition of an "alternative fuel." P.L. No. 111-312, § 704, 224 Stat. at 3311. Moreover, as relevant here, on December 20, 2019, Congress enacted a "CLARIFICATION OF RULES REGARDING ALTERNATIVE FUEL MIXTURE CREDIT," which disallowed the alternative fuel mixture credit for mixtures of taxable fuel with "liquefied petroleum gas," "compressed or liquefied natural gas," or "compressed or liquefied gas derived from biomass." P.L. No. 116-94, § 133(b)(3), 133 Stat. at 3234.[6]

## V.   ARGUMENT

### A.   Congress recently clarified the rules regarding the alternative fuel mixture credit. Consequently, counts thirteen through thirty-two of the Amended Complaint do not state claims on which relief may be granted.

On December 20, 2019, the President signed into law the 2020 Appropriations Act. Section 133 of the Act, entitled "EXTENSION AND CLARIFICATION OF EXCISE TAX CREDITS

---

[6] While the 2020 Appropriations Act disallowed the alternative fuel mixture credit for mixtures of taxable fuel with "compressed or liquefied gas derived from biomass," it did not disallow the credit for mixtures of taxable fuel with "liquid fuel derived from biomass." P.L. No. 116-94, § 133(b)(3), 133 Stat. at 3234.

RELATING TO ALTERNATIVE FUELS," revived the alternative fuel mixture credit retroactive to

January 1, 2018, and extended the credit through December 31, 2020. P.L. No. 116-94, § 133,

133 Stat. at 3233–34. Section 133 also included a "CLARIFICATION OF RULES REGARDING

ALTERNATIVE FUEL MIXTURE CREDIT," which amended a portion of § 6426(e) to conform with

congressional intent. *See id.*; 165 Cong. Rec. S7185. That clarification is fatal to counts thirteen

through thirty-two of the Amended Complaint.

An "alternative fuel mixture" means a mixture of "alternative fuel" and a "taxable fuel."

§ 6426(e)(2) (2018). "Alternative fuel" includes, among other things, "liquefied petroleum gas."

§ 6426(d)(2)(A). Thus, prior to the 2020 Appropriations Act, a taxpayer could claim an

alternative fuel mixture credit for mixing "liquefied petroleum gas" into a "taxable fuel."

However, the 2020 Appropriations Act clarified the definition of an "alternative fuel

mixture" in § 6426(e)(2).[7] *See* P.L. No. 116-94, § 133(b)(1). The Code now defines an

"alternative fuel mixture" as a "mixture of alternative fuel (other than a fuel described in

subparagraph (A), (C), or (F) of subsection (d)(2))." *Id.* And the fuel described in subparagraph

(A) of § 6426(d)(2) is "liquefied petroleum gas." As a result, "liquefied petroleum gas" does not

qualify as an "alternative fuel" for the purpose of the alternative fuel mixture credit. Because the

Butane/Gasoline Mixture Theory and the Propane/Butane Mixture Theory are each premised on

the mixture of alleged "liquefied petroleum gas" with alleged "taxable fuel" (Dkt. No. 12, ¶¶ 23,

26), neither is cognizable under the clarified version of § 6426(e).

---

[7] In doing so, Congress made clear that it never intended "for butane mixed with gasoline to qualify when the credit was enacted in 2005" and that the elimination of "liquefied petroleum gas" was not intended "to create any inference as to a change in law or guidance in effect prior to enactment" of the clarification. 165 Cong. Rec. S7185; P.L. No. 116-94, § 133(b)(3).

In the 2020 Appropriations Act, Congress applied the clarification to:

> (A) fuel sold or used on or after the date of enactment of this Act, and
>
> (B) fuel sold or used before such date of enactment, but only to the extent that claims for the credit under section 6426(e) of the Internal Revenue Code of 1986 with respect to such sale or use—
>
> > (i)  have not been paid or allowed as of such date, and
> >
> > (ii) were made on or after January 8, 2018.

P.L. No. 116-94, § 133(b)(2). Thus, if a taxpayer filed a claim for the credit on or after January 8, 2018, and if the IRS had not paid or allowed that refund claim as of December 20, 2019 (the date of enactment of the 2020 Appropriations Act), then the statutory clarification would be effective, and the Code would not allow an alternative fuel mixture credit to the taxpayer based on a mixture of a liquefied petroleum gas into a taxable fuel.

Twenty of the thirty-two counts in the Amended Complaint are based on claims for the credit that Philadelphia Energy filed with the IRS *after* January 8, 2018. Counts seventeen through twenty-eight [Propane/Butane Claims for 2014-2016] are based on administrative claims that Philadelphia Energy filed on January 30, 2018. (*See* Dkt. No. 12, Ex. M.) Furthermore, counts thirteen through sixteen [Butane/Gasoline Claims for 2017] and counts twenty-nine through thirty-two [Propane/Butane Claims for 2017] are based on administrative claims that Philadelphia Energy filed on October 16, 2018. (*See* Dkt. No. 12, Ex. N.) None of those claims has been paid or allowed. (See Dkt. No. 12, ¶ 51.) Consequently, the statutory clarification in the 2020 Appropriations Act governs each of those counts, and Philadelphia Energy may not obtain tax credits for the relevant quarters based on the alleged mixture of a liquefied petroleum gas and a taxable fuel.

**B.      Congress properly applied the clarification retroactively to fuel sold or used prior to the enactment of the 2020 Appropriations Act.**

Two weeks before Congress enacted the 2020 Appropriations Act, twenty senators signed a letter to the Majority Leader (Senator McConnell) expressing concern "with the retroactive nature of the change to section 6426(e)." (*See* **Exhibit C** to this Memorandum.) They suggested that the "retroactive change might violate a taxpayer's due process rights, especially given the extended period of retroactivity and the limited notice provided to taxpayers." (*Id.*) Nevertheless, a majority of those twenty senators voted ***for*** the retroactive clarification of the rules regarding the alternative fuel mixture credit described above.[8]

There should be no concern regarding the constitutionality of the retroactive clarification. The Supreme Court "repeatedly has upheld retroactive tax legislation against a due process challenge." *United States v. Carlton*, 512 U.S. 26, 30 (1994). A retroactive tax statute passes muster under the Due Process Clause so long as it has a "rational legislative purpose" and the period of retroactivity is "modest," not excessive. *Id.* at 30-33. Here, the retroactive amendment to § 6426(e) has the rational purpose of clarifying Congressional intent that "gasoline [should not] qualify for this credit based on its butane content" and providing "clarity in this area" of the law, "to protect the public purse." 165 Cong. Rec. S7185. The period of retroactivity is modest, extending just to the year before the legislative session in which Congress had enacted the 2020 Appropriations Act. The period of retroactivity is tied specifically to the date "when the IRS issued a formal revenue ruling putting taxpayers on notice that a mixture of butane and gasoline does not qualify for the credit." *Id.* And, for much of the fuel blending affected by the clarification, the alternative fuel mixture credit had expired when Philadelphia Energy allegedly

---

[8] Roll Call Vote 116th Congress – 1st Session, found at
https://www.senate.gov/legislative/LIS/roll_call_lists/roll_call_vote_cfm.cfm?congress=116&session=1&vote=00415 (last viewed Feb. 10, 2020).

produced the mixtures, and Philadelphia Energy can only now try to claim the credit because Congress had revived the credit retroactively.

Tax credits such as the alternative fuel mixture credit are "a matter of legislative grace." *Sunoco v. United States*, 129 Fed. Cl. 322, 331 (2016) (quoting *Schumacher v. United States*, 931 F.2d 650, 652 (10th Cir. 1991)), *aff'd*, 908 F.3d 710 (Fed Cir. 2018). "Tax legislation is not a promise, and a taxpayer has no vested right in the Internal Revenue Code." *Carlton*, 512 U.S. at 34. No fewer than six times, Congress has revived the alternative fuel mixture credit retroactively to benefit fuel producers. It was certainly appropriate, at the same time, for Congress also to clarify retroactively the rules regarding the alternative fuel mixture credit to ensure that the statute reflects Congressional intent regarding the credit's scope.

## VI.    CONCLUSION

In the 2020 Appropriations Act, Congress clarified the rules regarding the alternative fuel mixture credit and provided that an "alternative fuel mixture" does not include a mixture of "liquefied petroleum gas" with a "taxable fuel." The clarification applies to counts thirteen through thirty-two of the Amended Complaint, because Philadelphia Energy had made the claims for those quarters after January 8, 2018, and because the IRS had not paid those claims when the 2020 Appropriations Act became law. Because counts thirteen through thirty-two fail to state claims on which relief may be granted, the Court should enter judgment for the pleadings on those counts for the United States.

February 14, 2020                    *s/ Jason Bergmann*
                                     JASON BERGMANN
                                     Attorney of Record for Defendant
                                     U.S. Department of Justice, Tax Division
                                     Court of Federal Claims Section
                                     Post Office Box 26
                                     Washington, D.C. 20044
                                     Tel: (202) 616-3425
                                     Fax: (202) 514-9440
                                     jason.bergmann@usdoj.gov

                                     RICHARD E. ZUCKERMAN
                                         Principal Deputy Assistant Attorney General
                                     DAVID I. PINCUS
                                         Chief, Court of Federal Claims Section
                                     G. ROBSON STEWART
                                         Assistant Chief, Court of Federal Claims Section


February 14, 2020                    *s/ G. Robson Stewart*
                                     Of Counsel